IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01864-REB-KLM

JEFFREY SCHUDEL,

      Plaintiff,

v.

LA SALLE POLICE OFFICER DAVID MILLER, in his individual and official capacities,
LA SALLE POLICE OFFICE VICTOR ERAZO, in his individual and official capacities, and
DALE PARRISH, ESQ.,

      Defendants.

_____

## ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

      This matter is before the Court on the **Motion to Dismiss** [Docket No. 17; Filed September 26, 2012], filed by Defendants David Miller ("Miller") and Victor Erazo ("Erazo") (collectively, the "LaSalle Defendants"). On October 31, 2012, Plaintiff filed a Response [#35]. On November 28, 2012, the LaSalle Defendants filed a Reply [#55].

      This matter is further before the Court on the LaSalle Defendants' **Motion to Sever** [Docket No. 18; Filed September 26, 2012]. On October 31, 2012, Plaintiff filed a Response [#36]. On November 7, 2012, Defendant Dale Parrish, Esq. ("Parrish") filed a Response [#41]. On November 14, 2012, the LaSalle Defendants filed a Reply [#45].

      This matter is further before the Court on Defendant Parrish's **Motion to Dismiss** [Docket No. 19; Filed October 1, 2012]. On October 31, 2012, Plaintiff filed a Response [#34]. On November 28, 2012, Defendant Parrish filed a Reply [#57].

Finally, this matter is further before the Court on Plaintiff's **Motion to Amend Complaint, and for Acceptance of Contemporaneously-Filed Amended Complaint** [Docket No. 32; Filed October 31, 2012] (the "Motion to Amend").  On November 28, 2012, the LaSalle Defendants filed a Response [#56].  On December 12, 2012, Defendant Parrish filed a Response [#61].  On December 14, 2012, Plaintiff filed a Reply [#62].

For the reasons set forth below, the Court **GRANTS** the Motion to Amend [#32], **DENIES as moot** the Motions to Dismiss [#17, #19], and **DENIES without prejudice** the Motion to Sever [#18].

The Court begins by addressing the Motion to Amend.  This matter originated with Plaintiff's separation from his wife and the ensuing custody battle over their son and related criminal proceedings against Plaintiff.  In the proposed Amended Complaint [#32-1], Plaintiff eliminates Timothy Stitt ("Stitt"), his former co-Plaintiff, and Stitt's Section 1983 claim, as well as Plaintiff's claims against the LaSalle Defendants in their official capacities. *Motion to Amend* [#32] at 1.  He also "clarifies the connection between the Defendants' misconduct, and the elements of each civil claim." *Id.* at 2.  The proposed Amended Complaint retains the following three claims: (1) unreasonable seizure under the Fourth Amendment due to lack of probable cause, against the LaSalle Defendants; (2) unreasonable search, seizure, and prosecution under the Fourth and Fourteenth Amendments, *i.e.*, malicious prosecution, against the LaSalle Defendants; and (3) abuse of process, against Defendant Parrish. *Proposed Am. Compl.* [#32-1] ¶¶ 51-71.

As a preliminary matter, a Scheduling Conference has not yet been held, and thus Plaintiff's request to amend the Complaint is timely.  The Court therefore considers any

arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).   Leave should generally be permitted unless the moving party unduly delayed or failed to cure, the opposing party would be unduly prejudiced, or the proposed amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Defendants argue that Plaintiff's amendments are futile.  *Response* [#56] at 1.  An amendment is futile if it would not survive a motion to dismiss.  *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)).   However, the Court notes that this case is still in its earliest stages.  Plaintiff has neither filed an amended complaint as a matter of course nor previously sought leave to amend his Complaint.  No ruling has issued on any dispositive motion.  A Scheduling Conference has not yet been held and discovery has not commenced.  At this stage of the proceedings, the Tenth Circuit has expressed that, "[T]he preferred practice is to accord a [party] notice and an opportunity to amend his [pleading] before acting upon a motion to dismiss for failure to state a claim[.]"  *McKinney v. Okla.*, 925 F.2d 363, 365 (10th Cir. 1991).   In the circumstances at hand, therefore, the Court will not deny leave to amend on the basis of futility.  Thus, the Court permits Plaintiff leave to file an Amended Complaint.  *See, e.g.*, *Starr v. City of Lakewood*, No. 08-cv-01390-WYD-KLM, 2008 WL 5246158, at *1 (D. Colo. Dec. 16, 2008).

Turning to the Motion to Sever [#18], the LaSalle Defendants ask the Court to sever Plaintiff's claim against Defendant Parrish from those against the LaSalle Defendants because the Complaint [#1] does not sufficiently allege that the asserted claims arose from

the same transaction, occurrence, or series of transactions and occurrences, or that there are common questions of law or fact. *Motion to Sever* [318] at 5-6; *see also* Fed. R. Civ. P. 20(a)(2). The same day that Plaintiff filed a Response [#36] to the Motion to Sever, he also filed the Motion to Amend [#32]. In the Response, Plaintiff cites to the allegations he made in the proposed Amended Complaint [#32-1] in support of his position that the case should not be severed. *See, e.g.*, *Response* [#36] at 2. In their Reply, the LaSalle Defendants continue to argue in reference to the allegations presented in the original Complaint, explicitly pointing out that the Amended Complaint had not yet been accepted for filing. *Reply* [#45] at 3.

The question of whether to sever is highly dependent on the allegations pled by a plaintiff. *See, e.g.*, *Stine v. Lappin*, No. 08-cv-00164-WYD-KLM, 2008 WL 3992712, at *1-2 (D. Colo. Aug. 22, 2008). Here, the parties are basing their arguments on two differing sets of allegations. Moreover, Plaintiff's proposed Amended Complaint was offered in part to address the arguments made by the LaSalle Defendants in the Motion to Sever. Thus, because the Court is granting the Motion to Amend, the Court finds that the Motion to Sever, which is explicitly directed to the original Complaint, should be denied without prejudice at this time.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Amend [#32] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's Amended Complaint [#32-1] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to

the Amended Complaint on or before **March 4, 2013**.

IT IS FURTHER **ORDERED** that the Motions to Dismiss [#17, #19] are **DENIED as moot**.  *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

IT IS FURTHER **ORDERED** that the Motion to Sever [#18] is **DENIED without prejudice**.

DATED: February 15, 2013 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge