IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01864-REB-KLM

JEFFREY SCHUDEL,

    Plaintiff,

v.

LA SALLE POLICE OFFICER DAVID MILLER, in his individual and official capacities,
LA SALLE POLICE OFFICE VICTOR ERAZO, in his individual and official capacities, and
DALE PARRISH, ESQ.,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Reverse Court Order Allowing Withdrawal of Plaintiff's Counsel Anthony Viorst** [Docket No. 95; Filed July 9, 2013] (the "Motion"). On July 11, 2013, Plaintiff's former counsel, Anthony Viorst ("Viorst") filed a Response [#97]. On July 18, 2013, Plaintiff filed a Reply [#98]. The Motion is therefore ripe for review.

    On June 4, 2013, the Court issued an Order [# 94] granting Attorney Viorst's Motion to Withdraw as Attorney [#92]. The Court found that Attorney Viorst's request complied with the requirements set forth in D.C.COLO.LCivR 83.3, in part because he cited to irreconcilable differences as a ground to withdraw. The Court therefore allowed Attorney Viorst to withdraw as counsel for Plaintiff. Approximately one month later, Plaintiff, now proceeding as a *pro se* litigant, filed the present Motion, asked the Court to reconsider

allowing Attorney Viorst to withdraw and to sanction Attorney Viorst for allegedly misleading the Court.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

The Court has reviewed the Motion, the Response, and the Reply, and although both Plaintiff and Attorney Viorst provide additional facts regarding Attorney Viorst's desire to withdraw from representation of Plaintiff, the briefs clearly support Attorney Viorst's original contention that irreconcilable differences have arisen between him and Plaintiff. Simply stated, the Court cannot compel an attorney to represent a litigant in a civil action. Plaintiff's complaints about Attorney Viorst relate to whether Attorney Viorst honored his alleged agreement with Plaintiff about payment of costs in this lawsuit. Although those complaints might be the basis for other action, they are not a proper basis to order Attorney Viorst to continue to represent Plaintiff in this case. The attorney-client relationship has broken down, and Attorney Viorst should be permitted to withdraw. Regarding Plaintiff's Motion, the requirements for reconsideration of the Court's previous Order have not been met. Although the parties provide some new evidence regarding the Motion, the Court has not "misapprehended the facts." *Servants of Paraclete, supra.*

The Motion [#95] must be denied.  Plaintiff may either hire new counsel or proceed in this matter as a *pro se* litigant.  To the extent that Plaintiff feels that he cannot bear the responsibility of proceeding as a *pro se* litigant at this time, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a).  However, while the case is pending, it remains Plaintiff's legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

For these reasons,

IT IS HEREBY **ORDERED** that the Motion [# 95] is **DENIED**.

Dated:  July 29, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge