**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01864-REB-KLM

JEFFREY SCHUDEL,

    Plaintiff,

v.

LASALLE POLICE OFFICER DAVID MILLER, in his individual capacity,
LASALLE POLICE OFFICER VICTOR ERAZO, in his individual capacity, and
DALE PARRISH, ESQ.,

    Defendants.

## ORDER DENYING MOTION FOR ATTORNEY FEES

**Blackburn, J.**

This matter is before me on **LaSalle Police Officers David Miller and Victor Erazo's Amended Motion for Attorneys Fees** [#134][1] filed February 26, 2014. The plaintiff filed a response [#145], and the defendants filed a reply [#147]. I deny the motion.

The plaintiff, Jeffrey Schudel, brought claims under 42 U.S.C. 1983 against defendants David Miller, Victor Erazo, and Dale Parrish. Ultimately, the claims against all defendants were dismissed voluntarily by Mr. Schudel. *Motions to dismiss* [#125 & #126]. The claims were dismissed with prejudice. *Order* [#127]. In the present motion, Mr. Miller and Mr. Erazo (the defendants) seek an award of attorney fees against Mr. Shudel under 42 U.S.C. § 1988.

---

[1] "[#134]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Under § 1988, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  The threshold for awarding attorney fees to a prevailing defendant under § 1988 is high:

> While a prevailing plaintiff ordinarily is entitled to attorney fees, a prevailing defendant in a civil rights action may recover attorney fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant.  This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff.

**Mitchell v. City of Moore, Oklahoma**, 218 F.3d 1190, 1203 (10th Cir. 2000) (citations and internal quotation marks omitted).  Moreover, "[i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."  **Christiansburg Garment Co. v. EEOC**, 434 U.S. 412, 421-22, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).  **See also Mitchell**, 218 F.3d at 1203 ("The dismissal of claims at the summary judgment stage does not automatically meet this stringent standard.")  The defendants contend they are entitled to an award of attorney fees because they are prevailing parties and the claims asserted against them in this case were frivolous.

Mr. Schudel contends the defendants are not prevailing parties and, therefore, cannot seek attorney fees under § 1988.  I disagree.  "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute."  **Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.**, 489 U.S. 782, 792-93 (1989).  "Defeating a plaintiff

on the merits is one way to obtain [an assurance that the defendant need not pay damages or alter its behavior], but hardly the only way. A declaration that the plaintiff and others like it are not even entitled to sue accomplishes the same end, and more." ***Citizens for a Better Env't v. Steel Co.***, 230 F.3d 923, 929 (7th Cir. 2000) (applying 42 U.S.C. § 11046 while using standards applicable under § 1988). In this case, the voluntary dismissal of all claims by Mr. Schudel, when approved by the court, accomplished a material alteration in the legal relationship of the parties after 18 months of litigation. In the context of this case, the defendants are prevailing parties.

Mr. Schudel argues also that the defendants have not demonstrated that the claims in this case were frivolous. I agree. Generally, a claim is frivolous only when no rational argument can be made on the facts and on the law in support of that claim. ***See Bennett v. Passic***, 545 F.2d 1260, 1264 (10th Cir. 1976). An appeal on a matter of law is frivolous when none of the legal points is arguable on their merits. ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). "By logical extension, a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. As the Courts of Appeals have recognized, § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." ***Id***. (applying 28 U.S.C. § 1915(d)).

In their motion, the defendants contend the claims of Mr. Schudel are frivolous because there is no factual basis for his claims. The defendants describe the factual contentions of Mr. Schudel and the contrasting factual contentions of the defendants

and others. Whether or not defendants Miller and Erazo encouraged a witness, Shantele Sherman, to lie is the key and hotly disputed issue of material fact in this case. Mr. Schudel claims the defendants encouraged Ms. Sherman to lie. Sometimes, Ms. Sherman has said that is true. At other times, she has said it is not true. The defendants say they did not encourage Shantele Sherman to lie. At least one other witness agrees. In their motion, the defendants describe the reasons why the version of facts asserted by Mr. Schudel is not credible and should not be believed.

Many of the credibility arguments asserted by the defendants are strong. However, on the current record, I cannot conclude as a matter of law that the version of events asserted by Mr. Schudel and, sometimes, by Ms. Sherman is inherently incredible. The testimony of these two witnesses is some evidence which supports the claims asserted in the complaint. With some evidence to support the factual contentions of the plaintiff, I cannot conclude that there is no factual basis to support the claims of Mr. Schudel. The factual basis for the claims may be thin, but the facts asserted by Mr. Schudel are sufficient to support a rational argument on the facts in support of his claims. As a result, I cannot conclude that the claims of Mr. Schudel are frivolous.

The defendants are prevailing parties, as that term is used in § 1988, but, on the current record, I cannot conclude that the claims asserted by the plaintiff are frivolous. Absent an assertion of one or more frivolous claims by the plaintiff, the defendants are not entitled to an award of attorney fees under § 1988.

**THEREFORE, IT IS ORDERED** that **LaSalle Police Officers David Miller and Victor Erazo's Amended Motion for Attorneys Fees** [#134] filed February 26, 2014, is **DENIED**.

Dated September 15, 2014, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge