### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 12-cv-01864-REB-KLM

JEFFREY SCHUDEL,

    Plaintiff,

v.

LASALLE POLICE OFFICER DAVID MILLER, in his individual capacity,
LASALLE POLICE OFFICER VICTOR ERAZO, in his individual capacity, and
DALE PARRISH, ESQ.,

    Defendants.

## ORDER OVERRULING OBJECTION TO TAXATION OF COSTS

**Blackburn, J.**

This matter is before me on the **Plaintiff's Objection to Taxation of Costs in Favor of Defendants Miller and Erazo** [#146][1] filed April 24, 2014. The defendants filed a response [#150]. I overrule the objections.

The plaintiff, Jeffrey Schudel, brought claims under 42 U.S.C. 1983 against defendants David Miller, Victor Erazo, and Dale Parrish. Ultimately, the claims against all defendants were dismissed voluntarily by Mr. Schudel. *Motions to dismiss* [#125 & #126]. The claims were dismissed with prejudice, but the issue of an award of costs and attorney fees was left open for later determination. *Order* [#127]. After a telephonic hearing concerning costs, the clerk of the court awarded [#144] to defendants David

---

[1] "[#146]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Miller and Victor Erazo 3,948.53 dollars in costs, payable by the plaintiff.

The plaintiff objects to the award of costs because, the plaintiff contends, defendants David Miller and Victor Erazo are not prevailing parties, as that term is used in Rule 54 of the Federal Rules of Civil Procedure. Rule 54 provides that "[C]osts other than attorneys' fees shall be awarded as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). Allowable costs are delineated by 28 U.S.C. § 1920. Addressing an award of costs after a voluntary dismissal by a plaintiff, the United States Court of Appeals for the Tenth Circuit, sitting *en banc*, held "that a defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against the defendant, whether the dismissal is with or without prejudice." **Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021**, 69 F.3d 456 (10th Cir. 1995). The dismissal in this case did not involve a settlement. Given the holding in **Cantrell**, I conclude that defendants David Miller and Victor Erazo are prevailing parties for the purposes of an award of costs under Rule 54(d).

Addressing the issue of the motion of the defendants for an award of attorney fees, I concluded previously that defendants David Miller and Victor Erazo are prevailing parties in this case.

> Mr. Schudel contends the defendants are not prevailing parties and, therefore, cannot seek attorney fees under § 1988. I disagree. "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." **Texas State Teachers Ass'n v. Garland Indep. Sch. Dist**., 489 U.S. 782, 792-93 (1989). "Defeating a plaintiff on the merits is one way to obtain [an assurance that the defendant need not pay damages or alter its behavior], but hardly the only way. A declaration

> that the plaintiff and others like it are not even entitled to sue accomplishes the same end, and more." ***Citizens for a Better Env't v. Steel Co.***, 230 F.3d 923, 929 (7th Cir. 2000) (applying 42 U.S.C. § 11046 while using standards applicable under § 1988). In this case, the voluntary dismissal of all claims by Mr. Schudel, when approved by the court, accomplished a material alteration in the legal relationship of the parties after 18 months of litigation. In the context of this case, the defendants are prevailing parties.

*Order Denying Motion for Attorney Fees* [#151], pp. 2 - 3. The prevailing party issue is the only basis for the objection of the plaintiff.

**THEREFORE, IT IS ORDERED** that the objections stated in **Plaintiff's Objection to Taxation of Costs in Favor of Defendants Miller and Erazo** [#146] filed April 24, 2014, are overruled.

Dated March 16, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

3